IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| BETTY WILSON, LINDA WICK, AND SUSAN COLBERT on behalf of themselves and all those similarly situated who consent to representation, <br><br> Plaintiffs, <br><br> v. <br><br> REGIONS FINANCIAL CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. <br><br> 2:14-CV-00105 <br><br><br> FAIR LABOR STANDARDS ACT COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COMPLAINT

### I.   NATURE OF CLAIM

Plaintiffs, for themselves and on behalf of others similarly situated, assert claims against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorney's fees, on the grounds set forth below.

### II.   JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as some of the acts alleged as a basis for the federal claims took place within this Court's jurisdictional boundaries and because Defendant is located in this District and subject to the jurisdiction of this Court.

### III.   PARTIES

3. Plaintiff Betty Wilson is a former employee of Defendant, who was denied overtime compensation during the period of her employment. Plaintiff Wilson was hired by Defendant in 2000 and worked there until her separation in April 2014. During that time, Plaintiff Wilson worked in a number of positions at Defendant's Gainesville, Georgia office, including Mortgage Closer, Senior Underwriter, and Mortgage Processor 3.

4. The uncompensated overtime work performed by Plaintiff Wilson included time she was forced to work "off the clock" including work during lunch breaks, and before and after business hours.

5. Plaintiff Linda Wick is a former employee of Defendant who was denied overtime compensation during the period of her employment. Plaintiff Wick was hired in approximately 1998 as a mortgage closer in Defendant's Clearwater, Florida office. She transferred to the Gainesville, Georgia office in approximately 2008. Ms. Wick worked as a mortgage closer during her entire time of employment with

Defendant. She retired in December 2013.

6. The uncompensated overtime work performed by Plaintiff Wick included time she was forced to work "off the clock" including work during lunch breaks, and before and after business hours including during the last week of each month, which was the busiest time of each month for those in her position.

7. Plaintiff Susan Colbert is a former employee of Defendant, who was denied overtime compensation during the period of her employment. Plaintiff Colbert was hired by Defendant in 2009 and worked there until her she was told she was being laid off on or about March 17, 2014. During that time, Plaintiff Colbert worked as a Senior Underwriter in Defendant's Gainesville, Georgia office.

8. The uncompensated overtime work performed by Plaintiff Colbert included time she was forced to work "off the clock" including work during lunch breaks, and before and after business hours.

9. All Plaintiffs worked in Defendant's Gainesville, Georgia Office.

10. Defendant classified all Plaintiffs as non-exempt under the FLSA.

11. All plaintiffs have been denied overtime compensation during the period of their employment with Defendant.

12. The named Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated current or former employees who consent

to representation, pursuant to 29 U.S.C. § 216(b).  Each of the named Plaintiffs consents to participate in this suit and to represent the interests of the putative class.  These consents are incorporated herein together as Exhibit 1.  The consents of other similarly situated individuals to participate in this suit may be filed with the Court from time to time as they "opt-in" to this litigation, pursuant to 29 U.S.C. § 216(b).

13. Defendant is a corporation incorporated under the laws of the State of Delaware, and is subject to personal service upon its registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

14. Defendant is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.

### IV.   FACTUAL ALLEGATIONS

15. Upon information and belief, Defendant employed over 100 employees who worked in various positions including, but not limited to, employees who have worked in the following positions in Defendant's Gainesville, Georgia office during the past three years: Mortgage Underwriter, Mortgage Processor, Senior Mortgage Underwriter, Mortgage Processor 3, and Mortgage Closer.

16. Plaintiffs and the members of the class they seek to represent ("the class") were employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

17. During the relevant period of this lawsuit, Plaintiffs were non-exempt employees and worked over forty (40) hours per week without receiving overtime compensation.

18. During periods of Plaintiffs' employment Defendant knowingly, intentionally and willfully violated the FLSA by failing to pay Plaintiffs the overtime compensation to which they were entitled.

19. Plaintiffs were forced to work overtime hours, but instructed not to document those hours in Defendant's systems.

20. For more than three years preceding the date of this lawsuit, Defendant knowingly, intentionally and willfully violated the FLSA by failing to pay persons similarly situated to Plaintiffs the overtime compensation to which they were entitled.

21. Plaintiff Betty Wilson during this period at issue worked approximately 15 – 25 hours per week of overtime, for which she was not compensated.

22. Plaintiff Linda Wick during this period at issue worked overtime including approximately 25 – 30 hours of overtime during the last week of each month (the busiest time of the month for those in her position), for which she was not compensated.

23. Plaintiff Susan Colbert during this period at issue worked approximately 15 or more hours per week of overtime, for which she was not compensated.

## *CLASS ALLEGATIONS*

24. Plaintiffs reallege the preceding paragraphs above and incorporate them by reference as if fully set forth herein.

25. Plaintiffs bring this action under 29 U.S.C. § 201 et seq., on their own behalf and on behalf a class of other employees similarly situated pursuant to 29 U.S.C. § 216(b).

26. Plaintiffs seek to represent a class including all current and former employees of Defendant who, during the last three years, worked in the positions listed in paragraph 15, other positions involving nonexempt work, or performed any other nonexempt functions similar to those that Plaintiffs performed, whose rights were violated because of Defendant's knowing, intentional and willful failure to pay them overtime compensation to which they were entitled, in violation of the FLSA.

27. Plaintiffs are appropriate representatives for current or former employees of Defendant who, for three years prior to the date of this lawsuit, worked as in the positions listed in paragraph 15 and/or any other nonexempt functions similar to those that Plaintiffs performed whose rights were violated because of Defendant's knowing, intentional and willful failure to pay them the regular and overtime compensation to which they were entitled, in violation of the FLSA.

28. The potential class of plaintiffs consists of all current and former

employees of Defendant in any location who were employed at any time during the applicable limitations period or during such period as the Court may designate pursuant to equitable tolling of the limitations period and who worked in the positions listed in paragraph 15 and/or any other nonexempt functions similar to those that Plaintiffs performed, whose rights were violated because of Defendant's knowing, intentional and willful failure to pay them the regular and overtime compensation to which they were entitled, in violation of the FLSA.

29. Plaintiffs and the above-described individuals of the class are "similarly-situated employees" within the meaning of 29 U.S.C. § 216(b) of the FLSA.

30. Defendant is in possession of the names, addresses, and employment records of those persons similarly situated to Plaintiffs whom Plaintiffs seek to represent.

31. Pursuant to 29 U.S.C. § 216(b) of the FLSA, those individuals are entitled to court-administered notice of this lawsuit in order that they may elect to join Plaintiffs in prosecution of this action.

32. The class of current and former employees of Defendant as described above is so numerous that joinder of all members is impracticable.

33. During the applicable periods of limitations prior to the commencement

of this action, Defendant has employed over one hundred employees who worked in its Gainesville office. Through information and belief Defendant has multiple other offices performing the same functions and whose employees were not compensated for overtime work.

34. There are questions of the law and fact common to the class.

35. The employment policies, practices, and agreements of Defendant raise questions of law and fact common to the class, including, but not limited to:

(A) Whether Defendant engaged in a pattern or practice of failing to provide true and correct wage statements itemizing all wages earned and all deductions from wages for Plaintiffs and the class;

(B) Whether Defendant engaged in a pattern or practice of permitting Plaintiffs and the class to work without payment for all time worked at the agreed rates or the applicable federal and state overtime rates; and

(C) Whether Defendant knowingly, intentionally and willfully failed to pay Plaintiffs and the class at the agreed wage or the applicable overtime rates for the work Defendant permitted them to perform.

36. The claims of Plaintiffs as named representatives are typical to the claims of the class.

37. Plaintiffs' claims encompass the challenged practices and course of

conduct of Defendant.

38. The legal issues raised in this action apply equally to Plaintiffs and the class members.

39. Plaintiffs as named representatives will fairly and adequately protect the interests of the class.

40. The prosecution of separate actions by individual members of the class would create a risk of inconsistencies or varying adjudication with respect to individual members of the class, which would establish incompatible standards of conduct for Defendant.

41. The prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair their ability to protect their interests.

42. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

43. Questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action

is superior to other available methods for the fair and efficient adjudication of this controversy.

## V.   CLAIM.

### Violation of the Fair Labor Standards Act - Failure to Pay Overtime Compensation

44.   Plaintiffs reallege the preceding paragraphs above and incorporate them by reference as if fully set forth herein.

45.   Plaintiffs worked significantly more than forty hours in a week on a regular basis, and did not receive overtime compensation from Defendant in violation of the FLSA.

46.   By engaging in the above-described conduct, Defendant knowingly, intentionally and willfully violated the FLSA with respect to Plaintiffs and those employees who are similarly situated to Plaintiffs.  Defendant did not have a good faith basis for believing that its failure to pay overtime compensation to Plaintiffs was in compliance with the FLSA.

47.   As a direct and proximate result of the above-described conduct, Plaintiffs and those employees who are similarly situated to Plaintiffs have lost wages.

48.   Said violation gives rise to a claim for relief under the FLSA for Plaintiffs and those employees who are similarly situated for unpaid overtime

compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court do the following:

a. Certify the class as a collective action under 29 U.S.C. § 216 and direct notice to all eligible class members, including individual notice to all members who can be identified by reasonable effort on the part of Defendant;

b. Require Defendant to pay Plaintiffs and all eligible members of the class, who elect to participate in this action by filing proper written notice with the Court, damages for lost overtime compensation calculated at one and one-half times the proper normal rate that Plaintiffs and such class members would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

c. Require Defendant to pay each of the Plaintiffs and all eligible members of the class who have elected to opt-in liquidated damages as provided for under the Fair Labor Standards Act;

d. Issue a declaratory judgment that Defendant has engaged in unlawful

employment practices in violation of the FLSA with respect to Plaintiffs and all similarly situated members of the class they seek to represent;

e. Award Plaintiffs their reasonable attorneys' fees and costs and expenses of suit;

f. Permit a trial by jury on all issues so triable; and

g. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims for which they have a right to a jury.

This 20th day of May, 2014.

    __s/Jack Rosenberg_
Jack Rosenberg
State Bar No. 614475

5425 Glenridge Drive, Suite 53
Atlanta, GA  30342
Telephone: 404-343-1091
Fax: 404-343-1497
jackrosenberg2@gmail.com

**COUNSEL FOR PLAINTIFFS**
and all those similarly situated who consent to representation