IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BETTY WILSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:14-CV-00105-RWS |
| REGIONS FINANCIAL ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO BAR DEFENDANT
REGIONS FINANCIAL CORPORATION FROM USING
ALL INFORMATION AND WITNESSES WITHHELD FROM ITS
RULE 26(A) INITIAL DISCLOSURES AND FOR ATTORNEY'S FEES**

Pursuant to Fed. R. Civ. P. 37(c), plaintiffs now move to bar defendant Regions Financial Corporation from using any information or witnesses that the defendant refused to disclose pursuant to Fed. R. Civ. P. 26(a)—since defendant Regions purposefully withheld information from its Rule 26(a) disclosures by limiting its responses to the *inoperative* First Amended Complaint. Plaintiffs also move for the payment of their attorney's fees for having to file this motion in accord with Fed. R. Civ. P. 37(c)(1)(A).

(1)  This action was filed on May 20, 2014. Doc. 1  Plaintiffs filed their First Amended Complaint ("FAC") on June 11, 2014—the same day that defendant Regions was served. Docs. 4, 5. On July 2, 2014, defendant Regions appeared and answered plaintiffs' FAC. Doc. 9.

- 1 -

(2)     On July 17, 2014, the parties held their Rule 26(f) conference. Doc. 19 at 2.  The parties subsequently agreed to extend the deadline for their initial disclosures by two weeks to August 15, 2014.

(3)     On July 28, 2014, plaintiffs filed their Second Amended Complaint ("SAC").  Doc. 13.  Upon its filing, plaintiffs' SAC rendered inoperative their FAC.  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the **operative** pleading in the case") (emphasis added).

(4)     On July 28, 2014, the plaintiffs' SAC was also electronically served on defendant Regions via the Court's CM/ECF filing system—which notified defendant Regions' lawyers Craig Cleland, Margaret Campbell, and Kristy Offitt.  Doc. 13; Docs. 9, 10, 11.

(5)     On August 5, 2014, the parties filed their Joint Planning Report ("JPR").  However, rather than respond to plaintiffs' SAC, defendant Regions engaged in the frivolous conduct of limiting its responses to plaintiffs' FAC. Plaintiffs' JPR responses were all **based on their SAC**, in contrast.

(6)     On August 13, 2014, this Court *sua sponte* ordered the parties to re-submit the JPR based on plaintiffs' SAC.  To date, however defense counsel have done nothing to address the Court's order regarding the JPR.

(7) On August 15, 2014, defendant Regions filed its Rule 26(a) initial disclosures.  Doc. 25  However, defendant Regions—acting through counsel, obviously—again limited its disclosures to the plaintiffs' *inoperative* FAC, stating:

> Defendant Regions Financial Corporation, makes the following initial disclosures regarding the First Amended Complaint.

*Id*. at 1.  Defendant Regions' excuse was its answer or motions in response to the SAC is not due until August 20, 2014.  *Id*. at 1 n. 1.

Defendant Regions thus purposefully made worthless Rule 26(a) disclosures regarding a complaint that had been inoperative *for 18 days*.  The only reason defendant Regions would refuse to make the proper Rule 26(a) disclosures is to engage in dilatory tactics willfully calculated to frustrate the discovery process.

(8) On August 19, 2014, defendant Regions—showing nothing but disrespect for the federal rules—filed a motion demanding *discovery* from plaintiffs regarding their pending Motion for Conditional Certification.  Plaintiffs' certification motion, however, is **based on the SAC**—the very complaint that defendant Regions **disregarded** in its Rule 26(a) disclosures filed just 4 days earlier.

(9) Defendant Regions' response to plaintiffs' request for the overdue initial disclosures was to say that this Court will not read Rule 26(a) and the

local rules as requiring that its initial disclosures filed on August 15, 2014, had to respond to the only *operative* complaint on file.

## *LEGAL ARGUMENT*

### 1. **Exclusion of Undisclosed Information and Witnesses**

Pursuant to Fed. R. Civ. P. 37(c), a party may not freely ignore its initial-disclosure obligations under Fed. R. Civ. P. 26(a)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c).

Fed. R. Civ. P. 26(a)(1)(C) states:

> *Time for Initial Disclosures—In General.*  <u>A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference</u> unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.  In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(Underscore added.)

Nothing in Fed. R. Civ. P. 26(a)(1)(C) remotely suggests that a defendant may base the required initial disclosures on an *inoperative* complaint on the pretext that the party has not filed its answer yet.  In fact, Rule 26(e)'s duty to supplement initial disclosures proves defendant Regions' reliance on an *inoperative* complaint and pending filing deadline is shameful on its face.

Nor does any other federal rule remotely support the defendant's frivolous reading of Rule 26(a)(1).  And plaintiffs could find no case authority that reads Rule 26(a)(1)(C) in the patently frivolous fashion that defendant Regions claims as its excuse for disregarding its discovery obligations.

Next is LR 26.1—entitled, "INITIAL AND EXPERT DISCLOSURES— which likewise contradicts defendant Regions' flimsy excuse:

> The parties to civil actions shall make the initial disclosures required by Fed.R.Civ.P. 26(a)(1) at or within thirty (30) *after the appearance of a defendant* by answer or motion. . . .

N.D. Ga. LR. 26.1.A (emphasis added).

Defendant Regions first appeared in this case on July 2, 2014.  Doc. 9. Nothing in LR 26.1.A—as with Rule 26(a)—lends a scintilla of support to the outlandish premise that a defendant can, after appearing in the case, ignore its Rule 26(a) obligation by relying on an *inoperative* complaint because the deadline to answer the *operative* complaint has not occurred yet.  That seems clear from the LR 26.1.A's requirement that a defendant must comply

with Rule 26(a) even after filing a motion to dismiss—which routinely prompts the filing of an amended complaint that renders the prior complaint, the one that the defendant moved to dismiss, *inoperative*.

In other words, not a single word or phrase in Rule 26(a)(1) or LR 26.1 gives defendant Regions *any* justification for willfully disregarding the SAC. Indeed, the SAC had been filed 18 days **before** the defendant filed its Rule 26(a) disclosures. The only reason defendant Regions would cheat on its Rule 26(a)(1) obligations is to delay this case by delaying the prompt exchange of accurate and current information at the center of Rule 26(a)

So having already appeared in this case, and participated in a JPR conference, defendant Regions had an unqualified duty to make its Rule 26(a) disclosures in response to the SAC. Those disclosures—if Rule 26(a)(1) is to make any rational sense—must address an *operative* complaint. That is true regardless of whether or not the defendant has filed an answer to the controlling, operative complaint.

Worse, on August 13, 2014—two days before defendant Regions' initial disclosures—this Court ordered the parties, and more specifically defendant Regions, to re-submit the JPR in this case. The reason for the Court's order was, like Rule 26(a)(1) and LR. 26.1.A, *nothing* in LR. 16.1 and 16.2 remotely suggests that a defendant may use an *inoperative* complaint to avoid complying with its disclosure obligations.

On these facts, especially the Court's August 13, 2014 order, defendant Regions disrespected this Court when filing its worthless Rule 26(a) disclosures. This Court's ruling on the JPR makes that clear. Just as the plain text of Rule 26(a) and LR. 26.1 provide no shelter for ignoring the SAC as a pretense for cheating on its discovery obligations.

Defendant Regions' disrespect for this Court and its Rule 26(a) obligations is further highlighted by its August 19, 2014 motion. Just four days after *ignoring* the SAC to avoid its own discovery obligations, defendant Regions demanded discovery **based on the SAC**.

Accordingly, pursuant to Rule 37(c), the Court should bar defendant Regions from being able to use any information or witnesses in defending this action that was not disclosed on August 15, 2014. That includes any defense of plaintiffs' pending motion, **based on the SAC**, for conditional certification.

## 2. Motion for Attorney's Fees

Rule 37(c)(1)(A) authorizes the Court to order the payment of the reasonable attorney's fees incurred by plaintiffs in having to file this motion. The filing of his motion was "caused by the failure" of defendant Regions to comply with Rule 26(a) on the flimsy—indeed, frivolous—excuse that its answer was not yet due to the SAC.

Plaintiffs spent 3.6 hours of attorney time drafting this motion. The motion was drafted by Marc Garber, whose hourly rate previously approved

by this Court is $450. Accordingly, the Court should order defendant Regions to pay plaintiffs' counsel $1,620.

                                        Respectfully submitted,

**/s/ *Marc N. Garber***
MARC GARBER
Georgia Bar No. 283847
ALAN H. GARBER
Georgia Bar No. 283840
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

Jack Rosenberg
Georgia Bar No. 614475
5424 Glenridge Dr. Ste 53
Atlanta, GA 30342
404-343-1091 (phone)
404-343-1497 (facsimile)
jackrosenberg2@gmail.com

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 19, 2014, the foregoing motion was filed with the Clerk using the Court's CM/ECF filing system, which will serve a copy on all counsel of record.

                                        **/s/ *Marc N. Garber***
                                        MARC N. GARBER