IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BETTY WILSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:14-CV-00105-RWS |
| REGIONS FINANCIAL ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' EMERGENCY MOTION TO ENFORCE THE
COURT'S AUGUST 13, 2014 ORDER AND THAT DEFENDANTS
BE ORDERED TO SHOW CAUSE WHY THEY SHOULD NOT BE
HELD IN CONTEMPT AND FOR PLAINTIFFS' ATTORNEY'S FEES**

Plaintiffs move (i) for an enforcement order against defendants Regions Financial Corporation and Regions Bank regarding this Court's order of August 13, 2014 [Doc. 23]—which "**ORDERED** [the parties] to submit a Joint Preliminary Report and Discovery Plan [('JPR')] based on the Second Amended Complaint [('SAC')]"—and (ii) that defendants show cause why they should not be held in contempt. Defendants have refused to give plaintiffs new responses to the JPR addressing the SAC. Plaintiffs' original JPR responses addressed their SAC. Defendants are thus still preventing the Court from entering the scheduling order mandated by Rule 16(b)(1)(A).

An enforcement order should be issued forthwith, along with a show cause order. Defendants should also pay plaintiffs' attorney's fees here.

- 1 -

## I. *FACTUAL STATEMENT*

### A. The Events Preceding the Filing of the Parties' JPR

(1) This action was filed on May 20, 2014. Doc. 1 Plaintiffs filed their First Amended Complaint ("FAC") on June 11, 2014—the same day on which defendant Regions Financial Corp. ("RFC") was served. Docs. 4, 5.

(2) On July 2, 2014, defendant Regions appeared and answered plaintiffs' FAC. Doc. 9.

(3) On July 17, 2014, the parties held their Rule 26(f) conference. Doc. 19 at 2.

(4) Pursuant to LR. 16.2, the parties JPR was due 30 days after defendant RFC filed its answer—making the deadline August 1, 2014.

(5) On July 28, 2014, plaintiffs filed their Second Amended Complaint ("SAC"). Doc. 13. Upon its filing, plaintiffs' SAC became the *operative* complaint in this case, instantly rendering the FAC *inoperative*. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the *operative* pleading in the case") (emphasis added).

(6) On July 30, 2014, defendant Regions Bank was served with the SAC. Doc. 16. Both defendants are represented by the same lawyers.

(7) At 12:00 noon on August 1, 2014—the deadline-date for filing the JPR—defendants finally provided plaintiffs with a draft of their JPR

responses. Defense counsel for RFC and Regions Bank used about ***14.5 of the available 15 days*** after the parties' Rule 26(f) conference to prepare their draft JPR responses before sharing a draft JPR.

(8) Defense counsel limited their draft JPR responses to the *inoperative* FAC. Plaintiffs communicated their objection to defendants, who ignored it.

(9) At about 1:40 p.m. on August 1, 2014, because plaintiffs could not conceivably complete their sections of the JPR at any reasonable hour before the August 1 midnight deadline, plaintiffs suggested a joint motion for an extension to August 5, 2014—which this Court granted. Docs. 17, 18.

(10) On August 5, 2014, the parties filed their JPR.. Doc. 19. Plaintiffs' JPR responses relied on the SAC. *Id.* However, defendants RFC and Regions Bank—instead of addressing the *operative* SAC—engaged in the patently frivolous exercise of limiting its responses to plaintiffs' *inoperative* FAC, with no legal basis for doing so in the Federal Rule, the Local Rules, or the case law. *Id.*

### B. The Court's August 13 *Sua Sponte* Order

(11) On August 13, 2014, this Court *sua sponte* ordered the parties to re-submit the JPR based on plaintiffs' SAC. Defendants' JPR responses, based on an *inoperative* complaint, were patently useless to the Court.

(12)   Since the Court's order, defendants RFC and Regions Bank have found ample time to file:

    (a)   Their <u>joint</u> motion to stay the deadline for responding to plaintiffs' Stage-One Motion for Conditional FLSA Certification, which is based on the SAC.

    (b)   Their <u>joint</u> (and frivolous) Motion to Conduct Limited Discovery—based on plaintiffs' SAC—to oppose Stage-One FLSA Certification; and

    (c)   Their <u>joint</u> Answer to plaintiffs' SAC;

Docs. 26, 28.

(13)   But defendants have refused to prepare and send plaintiffs anything even arguably compliant with this Court's August 13 order.

(14)   Because of defendants' recalcitrance and willfully dilatory conduct, they have prevented this Court from timely entering the scheduling order ***required*** by Fed. R. Civ. P. 16(b) and NDGa LR 16.2.

## II.  *LEGAL ARGUMENT*

### A.  Order to Enforce and to Show Cause

This Court has previously held that "[c]ourts have inherent power to enforce compliance with their lawful orders . . . ." *England v. Goodcents Holdings, Inc.*, No. 1:08-CV-1702-RWS, 2009 WL 2835201, *1 (N.D. Ga. Aug. 31, 2009) (Story, J.)  Compliance may be affected through an enforcement order coupled with an order to show cause why the recalcitrant party should not be held in civil contempt.  *Id.*

> Once a *prima facie* showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply. Parties subject to a court's order demonstrate an inability to comply only by showing that they have made in good faith all reasonable efforts to comply.

*Id.* at *1 (quotations omitted).[1]

This problem here springs from defendants' disdain for the JPR process prescribed by the federal and local rules. The purpose of the parties' JPR is so that a district court—pursuant to Fed. R. Civ. P. 16(b) and LR 16.2—can meet its rule-based obligation to issue a timely scheduling order:

> **(b) Scheduling.**
>
> > **(1) *Scheduling Order.*** Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:
> >
> > **(A)** after receiving the parties' report under Rule 26(f) . . . .

Fed. R. Civ. P. 16(b)(1)(A) (bold in original); *accord* NDGa. LR 16.2.

Here, defendants RFC and Regions Bank made the calculated choice to waste every one of the 19 days available before filing the JPR by submitting to this Court useless responses based on an ***inoperative*** complaint. Doc. 19. And in the nine (9) full days since the Court's August 13 order—compounding their contempt for the JPR process—defendants have still refused to provide

---

[1] Because no statute or rule provides a mechanism for redressing defendants' conduct here, the Court may invoke its inherent authority. *In re E.I. DuPont De Nemours & Co.–Benlate Litig.*, 99 F.3d 363, 367 n. 3 (11th Cir. 1996) (a court may rely on its inherent authority when no rule addresses the specific matter at issue).

- 5 -

revised JPR responses to plaintiffs. As a result, defendants have prevented this Court from meeting its own Rule 16(b)(1) obligations.

Yet, while scorning this Court's August 13 order, defendants have found the time to file a motion to delay stage-one conditional certification of the putative FLSA-overtime class based on the SAC by asking not to file a timely response. Doc. 26. To affect even more delay, defendants moved the Court for discovery that is **based on plaintiffs SAC**. *Id*. Defendants also filed their joint answer to plaintiffs' SAC. Doc. 28.

But defendants had *no time* to comply with this Court's order. Nor did defendants give any excuse in their motions—which, unbelievably, demand that the Court take time-sensitive action in their favor for *more time* and *more delay*—for not yet complying with the Court's August 13 order. Doc. 26. Nor have defendants separately moved the Court for more time to comply with the August 13 order.

What emerges is a portrait revealing that defendants' willful disobedience of the Court's August 13 order is part of their agenda to delay this case. That includes purposely hampering compliance with the Court's August 13 order by refusing to provide revised JPR responses to plaintiffs.[2] Defendants filed motions calculated to delay this case by delaying the filing of

---

[2] By not updating their JPR responses, as ordered, to address the SAC, defendants have self-evidently made it impossible for plaintiffs to comply with the Court's Order.

response to plaintiffs' stage-one certification motion and wanting discovery to further delay stage-one certification. Too, by refusing to comply with the Court's order to supply updated JPR information, defendants affect even more delay by preventing entry of a Rule 16(b) scheduling order.

Accordingly, the Court should forthwith enforce its August 13 order by (i) ordering a JPR filing deadline of Tuesday, August 26, 2014, and (ii) ordering defendants to supply their JPR responses based on the SAC to plaintiffs at least 24 hours prior to the JPR filing deadline. The Court should further order that defendants' failure to comply—having had ample time already over the past nine days, as proven by filings **not required** by the Federal Rules and Local Rules—will result in a prohibition on their taking any discovery in this action.

The Court also should order defendants to show cause why they should not be held in contempt for disobeying the Court's August 13 order. Defendants' show-cause submission should be ordered filed by no later than Tuesday, August 26, 2014.

### B. Motion for Attorney's Fees

"[A]n assessment of attorney's fees is undoubtedly within a court's inherent power . . . ." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Based on this inherent power, "a court may assess attorney's fees as a sanction for the willful disobedience of a court order." *Id.* (quotation omitted).

A court's inherent power also authorizes an award of attorney's fees when a party "shows bad faith by delaying or disrupting the litigation *or* by hampering enforcement of a court order." *Id*. at 46 (emphasis added) (quotation omitted).

Here, plaintiffs have been forced to file this motion to show defendants' willful indifference to the Court's August 13 order. Neither this Court nor plaintiffs should have to beg defendants to do now what they were obligated to do by the original **August 1, 2014** deadline for the JPR. That is, as common sense and the absence of any contrary legal authority confirms, file JPR responses based on the **operative** complaint in this action. Instead, defendants mocked the JPR process with inherently worthless responses tied to an **inoperative** complaint—thus frustrating and delaying the Court's compliance with Rule 16(b)(1)(A).

The Court should therefore order defendants to pay plaintiff's reasonable attorney's fees incurred in the preparation and filing of this motion. Plaintiffs expended 4.3 hours of attorney time drafting this motion, including: reviewing Fed. R. Civ. P. 16 and 26, and LR. 16.1 and 16.2; and researching the Court's inherent authority to enforce orders, issue show-cause orders, and order the payment of attorney's fees. This motion was drafted by Marc Garber, whose hourly rate previously approved by this Court is $450.

The Court should thus order defendants RFC and Regions Bank to pay plaintiffs' counsel $1,935.

Respectfully submitted,

*/s/ Marc N. Garber*
MARC GARBER
Georgia Bar No. 283847
ALAN H. GARBER
Georgia Bar No. 283840
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

Jack Rosenberg
Georgia Bar No. 614475
5424 Glenridge Dr. Ste 53
Atlanta, GA 30342
404-343-1091 (phone)
404-343-1497 (facsimile)
jackrosenberg2@gmail.com

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 22, 2014, the foregoing motion was filed with the Clerk using the Court's CM/ECF filing system, which will serve a copy on all counsel of record.

*/s/ Marc N. Garber*
MARC N. GARBER
