IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| BETTY WILSON, on behalf of themselves and all those similarly situated who consent to representation, LINDA WICK on behalf of themselves and all those similarly situated who consent to representation, and SUSAN COLBERT, on behalf of themselves and all those similarly situated who consent to representation, <br><br>    Plaintiffs, <br><br> v. <br><br> REGIONS FINANCIAL CORPORATION and REGIONS BANK, <br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.<br>2:14-CV-0105-RWS |

**<u>ORDER</u>**

This case is before the Court for consideration of Plaintiffs' Motion for Leave to File Their Third Amended Complaint [32]. After reviewing the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

Plaintiffs filed this action on May 20, 2014, against Regions Financial Corporation alleging "off-the-clock" Fair Labor Standards Act ("FLSA") violations on behalf of the named Plaintiffs who worked in Regions Bank's Gainesville, Georgia Mortgage Operations Center ("MOC") and all allegedly similarly-situated employees. On June 11, 2014, Plaintiffs filed their First Amended Complaint reducing the alleged number of uncompensated overtime hours that named Plaintiff Linda Wick had worked. On July 2, 2014, Defendant Regions Financial Corporation filed its Answer to Plaintiffs' First Amended Complaint. On July 28, 2014, Plaintiffs filed a Second Amended Complaint adding Regions Bank as a new defendant and asserting a new Rule 23 class action claim under the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiffs limited the FLSA collective-action claims to the Gainesville, Georgia location and removed all factual allegations of uncompensated overtime hours allegedly worked by Plaintiffs.

On September 1, 2014, Plaintiffs filed their Motion for Leave to File Their Third Amended Complaint [32] in which they propose to amend the definition of the "FLSA Class" by creating three sub-classes in order to expand the number of Defendants' employees covered by one of Plaintiffs' unpaid-

2

overtime theories to include employees in other geographic locations. Specifically, Plaintiffs seek to include employees who performed Defendants' mortgage loan-related operations in Alabama, Florida, Indiana, Mississippi, and Tennessee. The proposed Third Amended Complaint also includes a substantial number of amendments to clearly identify the time periods covered by the collective-action claims and the RICO claims. The amendment also includes a number of new factual allegations based on recently developed evidence.

Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend its complaint after the opposing party files a responsive pleading either with the opposing party's written consent or the court's leave. Rule 15 directs this Court to "freely give leave when justice so requires." Plaintiffs assert that the Motion is timely filed and that, due to the early stage of the case, Defendants will not suffer undue prejudice if the Motion is granted. (Pl.'s Mot. to Amend [32] at 5). Further, Plaintiffs assert that Defendants cannot show that their claims are futile. (Id. at 6.)

In their Response to the Motion [37], Defendants assert that they will be unduly prejudiced by having to investigate and prepare responses to a third amended complaint in this case. Further, they assert that Plaintiffs have been

3

deleterious in filing their amendments. After reviewing the proposed Third Amended Complaint, the Court finds that Defendants are not unduly prejudiced by allowing the Amendment. Discovery has not commenced and the case is still in its earliest stages. Though Plaintiffs filed a Motion for Conditional Collective-Action Certification [20], the Court has not required Defendants to respond to that Motion because of the pending Motion to Amend the Complaint. Further, there is no suggestion in the record that the proposed amendment would be futile. The Court finds that while a piecemeal approach to amending a complaint is not an efficient way to proceed with litigation, Plaintiffs have not been unduly deleterious in seeking their amendment. However, the Court would expect that there would be no further requests to amend the Complaint.

Based on the foregoing, Plaintiff's Motion for Leave to File Third Amended Complaint is hereby **GRANTED**.

In light of the Court having granted Plaintiff's Motion for Leave to File Third Amended Complaint, Plaintiff's Motion for Conditional Collective-Action Certification, Notice to the Class, and Disclosure of Employee Information [20] and Defendants' Motion to Conduct Limited Discovery and

for Additional Time to Respond to Plaintiff's Motion for Conditional Certification [26] are **DENIED**, **AS MOOT**. Plaintiff's Motion to Bar Defendant Regions Financial Corporation From Using All Information and Witnesses Withheld From its Rule 26(a) Initial Disclosures and for Attorney's Fees [27] is **DENIED**. Having reviewed the circumstances surrounding the disclosures, the Court concludes that the conduct of Defendants' counsel does not warrant sanctions.

Plaintiffs shall file their motion for conditional collective action certification based on the Third Amended Complaint within thirty (30) days of the entry of this Order. The parties shall submit a joint preliminary report and discovery plan based on the Third Amended Complaint within thirty (30) days of the entry of this Order.

**SO ORDERED**, this   16th   day of December, 2014.

\

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE