**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| BETTY WILSON, *et al.,* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:14-CV-0105-RWS |
| REGIONS FINANCIAL | : | |
| CORPORATION and | : | |
| REGIONS BANK, | : | |
| | : | |
| Defendants. | : | |

**ORDER REGARDING COMMUNICATIONS
WITH PUTATIVE CLASS MEMBERS**

Plaintiffs brought this action alleging that Defendants failed to pay them

overtime they were owed pursuant to the Fair Labor Standards Act ("FLSA")

and violated the Georgia Racketeer Influenced and Corrupt Organizations Act

("Georgia RICO"). Plaintiffs seek to bring the FLSA claims as a collective

action pursuant to 29 U.S.C. § 216(b) and the Georgia RICO claims as a class

action pursuant to Federal Rule of Civil Procedure 23. Pursuant to L.R.

23.1.C(2), the parties have submitted a Joint Statement regarding restrictions

on communications with putative class members [48]. The case is presently

before the Court for consideration of the Joint Statement.

In the Joint Statement, Plaintiffs raise a concern that Defendants will

question putative class members about a policy requiring employees to lodge

contemporaneous internal complaints about incorrect pay ("Complaint Policy").

Plaintiffs fear that if representatives of Defendants raise the Complaint Policy in

communications with putative plaintiffs, the putative plaintiffs will believe that

their failure to have lodged a contemporaneous complaint about incorrect pay

may have been a violation of company policy that could result in their

termination from employment. In its portion of the Joint Statement, Defendants

do not deny an intention to make such inquiries of employees.

> [A]n order limiting communication between parties and potential
> class members should be based on a clear record and specific
> findings that reflect a weighing of a need for limitation and the
> potential interference with the rights of the parties. Only such a
> determination can insure that the court is furthering, rather than
> hindering, the policies embodied in the Federal Rules of Civil
> Procedure, especially Rule 23.

Gulf Oil Co. v. Bernard, 452 U.S. 89, 101-102 (1981). "Unsupervised,

unilateral communications with the plaintiff class sabotage the goal of informed

consent by urging exclusion on the basis of a one-sided presentation of the

AO 72A
(Rev.8/82)

facts, without opportunity for rebuttal. The damages from misstatements could well be irreparable." Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1203 (11th Cir. 1985).

The Court finds that the risks inherent in the anticipated questioning by Defendants warrant the following limitations on Defendants' communications with potential class members.

There shall be no communications with any named Plaintiff or with any current or future opt-in Plaintiffs outside the formal discovery process or without the consent of the named Plaintiff's counsel of record, except - as to any currently employed present or future opt-in Plaintiff - for routine business matters unrelated to this action.

With respect to any presentation of information, including any views or opinions, to any "putative class members" by the Defendants—whether acting through management, counsel, other employees, or any other agent of any kind—that relates to the allegations and claims in this action, whether for the purpose of gathering information in a one-on-one or group basis to defend this action or to address any employee complaints regarding past, current or future

3

compensation practices, such communication shall commence with the

following statements:

(a)    The person(s) present on the Defendants' behalf is a Defendant
       employee or agent acting at the direction of Defendants'
       management;

(b)    The person(s) present on the Defendants' behalf is there to address
       a lawsuit filed against the Defendants, as well as employee
       complaints, involving allegations that the Defendants failed to pay
       employees all the wages and overtime they had earned and were
       entitled to receive;

(c)    The lawsuit is a class-action—which means the individual may
       receive money as a result of the lawsuit;

(d)    The allegations of wrongdoing (accurately stated), accompanied by
       a copy of the Third Amended Complaint;

(e)    The "putative class member" is under no obligation to stay, or
       listen, or speak, or respond;

(f)    No record of anyone who does not stay, speak, or respond is being
       made and no record of who does not stay, speak, or respond will be
       made at any future time;

(g)    No adverse action will be taken if the "putative class member"
       chooses not to stay, speak, or respond;

(h)    No adverse action will be taken if the "putative class member"
       says, in substance, they believe they not were not properly
       compensated or did not receive all compensation owed to them,
       whether or not they complained to anyone about any compensation
       issues; and

(i)    The "putative class member" is free to leave at any time, including at this point.

On January 28, 2015, the Court entered an Order [53] granting Defendants' Motion for Additional Time to Respond to Plaintiffs' Renewed Motion for Conditional Certification [52]. In the Order, the Court granted Defendants an extension until thirty (30) days from the date of the Court's determination on the parties' Rule 23.1 statement to respond to Plaintiffs' Renewed Motion for Conditional Certification. Plaintiffs filed a Motion for Reconsideration [54] urging the Court to reconsider its January 28 Order and require Defendants to file an immediate response to Plaintiffs' Motion. Upon further review, the Court concludes that an additional thirty (30) days to file a response is not necessary. Therefore, Defendants are **ORDERED** to file their response to Plaintiffs' Renewed Motion for Conditional Certification [45] not later than February 23, 2015. The Motion for Reconsideration [54] is **DENIED, AS MOOT**.

SO ORDERED, this  9th  day of February, 2015.

_____

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5