# Exhibit 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| BETTY WILSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 2:14-CV-0105-RWS |
| REGIONS FINANCIAL | ) | |
| CORPORATION and REGIONS | ) | |
| BANK, | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Betty Wilson, Linda Wick, and Susan Colbert and Defendants Regions Financial Corporation and Regions Bank enter into this Settlement Agreement and Release and agree as follows:

### A.    DEFINITIONS

1.    <u>Action or Litigation</u> means this case, *Betty Wilson et al. v. Regions Financial Corporation and Regions Bank,* No. 2:14-CV-0105-RWS (N.D. Ga. filed May 20, 2014).

2.    <u>Court</u> means the United States District Court for the Northern District of Georgia, Gainesville Division.

3.    <u>Current Opt-In Plaintiffs or Current Opt-Ins</u> means the four individuals, Jennifer Kinser, Bonnie Gibson, Diana Naumann, and Lisa Nesmith,

who are current or former Regions employees and who have opted into this action

as party plaintiffs by signing and filing written consents under 29 U.S.C. § 216(b).

4.     Defendants' Counsel means the law firm of Ogletree, Deakins, Nash,

Smoak & Stewart, P.C., and the attorneys of record for Defendants, Margaret H.

Campbell, A. Craig Cleland, and Kristy G. Offitt.

5.     Fair Labor Standards Act or FLSA means the Fair Labor Standards

Act, 29 U.S.C. §§ 201–219, as amended by the Portal-to-Portal Act, *id.* §§ 251–

262.

6.     Named Plaintiffs means Betty Wilson, Linda Wick, and Susan

Colbert.

7.     Notice of Settlement and Opportunity to Participate and Consent-to-

Join-and-Release Form mean the written communications, in the forms attached as

Exhibits A and B, respectively, that inform all Putative Opt-Ins of, among other

things, the terms and conditions of the settlement, their right to participate in this

Settlement by opting into this Action, the amount of their individual Settlement

Payments, and the scope of their releases in exchange for receiving  their

Settlement Payments.

8.     Parties means the Named Plaintiffs, the Current Opt-In Plaintiffs, and

Regions.

9.      Plaintiffs' Counsel means The Garber Law Firm, PC, including Marc Garber and Alan H. Garber, and Jack Rosenberg, who together represent the Named Plaintiffs, the Current Opt-In Plaintiffs, and the Settlement Opt-Ins.

10.      Putative Opt-Ins means all current and former Mortgage Operation Center Processors, Closers, and Underwriters who worked for Regions from August 30, 2012, through April 1, 2016, who did not file a written consent to participate in this action before May 9, 2017, but who are eligible to participate in this Settlement by timely submitting a signed Consent-to-Join-and-Release Form to the Third-Party Administrator.

11.      Regions, Company, or Defendants means:  (i) Regions Financial Corporation, Regions Bank, and their former and present parents, subsidiaries, related companies, partnerships, joint ventures, or other affiliates; and (ii) with respect to each of these, their predecessors and successors; and (iii) with respect to each entity, all past and current officers, directors, employees, partners, shareholders, attorneys, assigns, and agents, and any other successors, assigns, or legal representatives.

12.      Release(s) means: (i) for each Named Plaintiff and Current Opt-In, the waivers and releases set forth in Paragraphs C.1 and C.2 below releasing Regions and the Released Parties from all liability on the Released Claims as defined in Paragraph 13 below; and (ii) for each Settlement Opt-in, the release on the Notice

and Consent-to-Join-and-Release Form that each Settlement Opt-In must sign as a condition of receiving their Settlement Payments releasing Regions and the Released Parties from all liability for the Released Claims.

13.    Released Claims means all wage-and-hour claims, known or unknown, that were or could have been brought in this Action under the Fair Labor Standards Act or under any state or local law or common law, and for Named Plaintiffs, the claims released in Paragraph C.1.

14.    Service Payments means the payments made to each Named Plaintiff for their time, expense, service, and risks taken in prosecuting this Action on behalf of themselves and the Current Opt-In Plaintiffs and Putative Opt-Ins.

15.    Settlement means the settlement agreed to by the Parties in this Settlement Agreement and Release, complete with Exhibits A-F, which supersedes all other agreements of the parties.

16.    Settlement Agreement means this Settlement Agreement and Release including all Exhibits.

17.    Settlement Effective Date means the first business day after the later of the following occurrences:

   (i) thirty-one (31) days after the Court enters an Order granting approval of the settlement and dismissing all claims with prejudice; or

(ii)    if an appeal of the Court's Order is timely filed, thirty-one (31) days after the date on which all appeals are exhausted, the Court's Order is affirmed, a mandate has issued, and there is with no possibility of subsequent appeal or other judicial review.

18.    Settlement Payment(s) means the payments to be made to each Named Plaintiff, Current Opt-In Plaintiff, or Settlement Opt-In, in the individual amounts listed in the attached Exhibits C and D and as described in Section B below.

19.    Settlement Opt-In means any and all Putative Opt-Ins who timely submit a signed Consent-to-Join-and-Release Form to the Third-Party Administrator and elect to participate in this Settlement.

20.    Third-Party Settlement Administrator or Third-Party Administrator means the third-party settlement administrator selected by Regions and approved by Plaintiffs' Counsel that will administer notice and settlement as required by Regions and in accordance with the terms of the Settlement Agreement, specifically, Settlement Services, Inc. of Tallahassee, Florida.

**B.    BENEFITS**

1.    Settlement Payments to Named Plaintiffs and Current Opt-In Plaintiffs.  In exchange for timely executing this Settlement Agreement and Release, Regions or the Third-Party Administrator will pay within thirty (30) days

of the Settlement Effective Date, the total amount of $82,000, to the Named

Plaintiffs and Current Opt-Ins in the individual amounts listed in attached Exhibit

C in the form of checks to be delivered by such date to Plaintiffs' Counsel for

distribution to each Named Plaintiff and Current Opt-In. At its discretion, Regions

may pay this amount before the Settlement Effective Date.  This Settlement

Payment includes all wages, damages, penalties, liquidated damages, interest, and

any other amounts payable or owed to the Named Plaintiffs and Current Opt-In

Plaintiffs.

       2.     <u>Settlement Payments to Settlement Opt-Ins</u>.  In exchange for a

Putative Opt-In's executing and timely providing a completed Consent-to-Join-

and-Release Form to the Third-Party Administrator, Regions, through the Third-

Party Administrator, will pay to such Settlement Opt-In, within thirty-one (31) days

of the last day of the 45-day notice period, his or her Settlement Payment in the

individual amounts listed in attached Exhibit D, from the total amount of up to

$75,000, with an individual payment minimum of $5.00.

       3.     <u>Apportionment of Settlement</u>.  The individual Settlement Payments

that each Named Plaintiff, Current Opt-In Plaintiff, and Settlement Opt-in will

receive, as submitted by Plaintiffs' counsel, are listed in the attached Exhibits C

and D to this Agreement, and will be incorporated by reference in the Parties' Joint

Motion for Settlement Approval, which will ask the Court to approve such

individual amounts as fair and reasonable and will file this apportionment under seal and in redacted formats in the public record.

4.     Claims-Made Settlement.  With respect to the Settlement Opt-Ins, this Settlement is a claims-made settlement, and any and all unclaimed payments or amounts, including but not limited to any and all uncashed checks or any checks returned as undeliverable, will promptly revert to Regions in accordance with Paragraph D.11.

5.     Service Payments to Named Plaintiffs.  In addition to receiving their respective portions of the above Settlement Payment, and in exchange for the general release contained herein, the Named Plaintiffs Betty Wilson, Linda Wick, and Susan Colbert will each receive $2,000 for their time, expense, and service in prosecuting this action, including their responding to written discovery and participating in conferences and meetings with Plaintiffs' Counsel, which will be paid within thirty days (30) of the Settlement Effective Date, at the same time that Named Plaintiffs receive their individual settlement amounts.  The Parties agree that these Service Payments do not constitute wages, liquidated damages, or interest.  The Named Plaintiffs will receive an IRS Form 1099 for this service payment and will be responsible for correctly characterizing this Service Payment for tax purposes and to pay any taxes owing on these amounts.

6.     <u>Attorneys' Fees, Expenses, and Costs</u>.  In addition to the Settlement Payments, Regions agrees to pay to Plaintiffs' Counsel the total amount of $457,634, in settlement of all claims for attorneys' fees, expenses, and costs incurred in prosecuting this Action and in representing the Named Plaintiffs, Current Opt-In Plaintiffs, Putative Opt-Ins, and Settlement Opt-Ins.  This amount will be apportioned as follows: (i) $442,000 to The Garber Law Firm, and (ii) $15,634 to Jack Rosenberg.  Regions will not oppose a total award of fees, expenses, and costs up to or in this amount, nor will Plaintiffs' Counsel seek fees, expenses, and costs that exceed this amount. The amount approved by the Court up to $457,634 will be paid to Plaintiffs' Counsel not later than thirty (30) days after the Settlement Effective Date.  Each Plaintiffs' Counsel will provide to Defendants' Counsel completed W-9 forms or other necessary payment information before these amounts will be paid.

7.     <u>Expenses of Mediator</u>.  Regions will be responsible for paying all fees and expenses of mediator Lee Parks for all services rendered in mediating this Action, including any work rendered in connection with the settlement reached at the May 9, 2017 mediation.

8.     <u>Expenses of Third-Party Administrator</u>.  Regions will be responsible for paying the expenses and costs of the Third-Party Settlement Administrator.

9.    <u>Consideration</u>.  The above Settlement Payments, Service Payments, payment of Attorneys' Fees, Expenses, and Costs, payment of the Expenses of Mediator, and payment of the Third-Party Administrator, all constitute good, valid, and sufficient consideration for this Agreement and for the waiver and release of claims in the Releases.

10.    <u>Taxes</u>.  The individual Settlement Payments include equal sums for wages and liquidated damages which will be paid as follows:  Regions or the Third-Party Settlement Administrator will issue two (2) checks for each Named Plaintiff, Current Opt-In Plaintiff and Settlement Opt-In, one check for wages and one check for liquidated damages.

   (i)    One of the two checks issued by Regions or the Third-Party Settlement Administrator will consist of fifty percent (50%) of the Settlement Payment and will be deemed wages and will be subject to W-2 reporting and withholding for applicable payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state-specific statutory deductions) and any other required withholdings (garnishments, tax liens, child support, etc.).

   (ii)    The second check will consist of the remaining fifty percent (50%) of the Settlement Payment and will be deemed liquidated damages, which amount(s) will not be subject to withholding for payroll taxes and for

this second payment, Regions or the Third-Party Administrator will cause to
issue to each individual an IRS Form 1099 for that portion of their
payments. In addition, but only for each Named Plaintiff, this second check
will also include her respective $2,000 Service Payment and will not be
subject to withholding for payroll taxes.

11.     <u>Payment of Taxes on Settlement</u>.  The Named Plaintiffs, Current Opt-
In Plaintiffs, and Settlement Opt-ins will be responsible for correctly characterizing
the above Settlement Payments for tax purposes and for paying any taxes owing on
these amounts.

12.     <u>Employer's Payroll Taxes</u>.  In addition to the above Settlement
Payments, Regions will pay the employer's share of all applicable payroll taxes on
amounts paid to the Named Plaintiffs, Current Opt-In Plaintiffs, and Settlement
Opt-ins that are wages.

13.     <u>No Admission</u>. The Parties agree that this Settlement of the Named
Plaintiffs', Current Opt-In Plaintiffs', and Settlement Opt-Ins' claims on a
collective basis and the payment of the above benefits are in no way an admission
by Regions that it is liable to the Named Plaintiffs, Current Opt-In Plaintiffs,
Putative Opt-Ins, or Settlement Opt-Ins or that they are similarly situated to one
another under § 216(b) of the FLSA. Neither is this Settlement on a collective basis
or the payment of the above benefits a waiver of any argument Regions might

make that collective treatment is not appropriate or that it is otherwise liable to the Named Plaintiffs, Current Opt-In Plaintiffs, Putative Opt-Ins, or Settlement Opt-Ins.

### C.    RELEASE OF CLAIMS AND RIGHT TO RESCIND

1.    <u>Named Plaintiffs' Release</u>.  In exchange for the benefits set forth above in Paragraph B.1 and the $2,000 Service Payment set forth above in Paragraph B.5, each Named Plaintiff hereby irrevocably and unconditionally releases, acquits, and discharges Regions from any and all manner of actions, charges, complaints, suits, proceedings, claims, liabilities, obligations, agreements, controversies, demands, costs, losses, debts, and expenses whatsoever of any kind or nature, at law or in equity, arising at any time or on before the date and time that each Named Plaintiff signs this Agreement, whether known or unknown, fixed or contingent, choate or inchoate, including, but not limited to, any claims arising out of or in any way connected with the employment of each Named Plaintiff by Regions and with her separation from employment with Regions, including but not limited to the Released Claims described in Paragraph A.13, any and all claims for pay, damages, or any other relief that were, might or could have been asserted in any court, before any arbitrator, or before any administrative agency, including without limitation, all wage–and-hour claims, known and unknown, that could be brought under the Fair Labor Standards Act or any state or local law or common

law, and including without limitation all claims under any other federal, state, or local statute, regulation, ordinance, or common law, including without limitation any law related to discrimination or retaliation, to the full extent that such a release is allowed by law.

2.   <u>Current Opt-ins' Release</u>.  In exchange for the benefits set forth in Paragraph B.1 above, each Current Opt-In hereby waives and releases all wage and hour claims, known and unknown, that were or could have been brought in the above Action under the Fair Labor Standards Act or under any state or local wage-and-hour laws or common law, through the Effective Date on which each Current Opt-In executes this Agreement, against Regions and against all individuals who were involved in the day-to-day operation of Regions or who have had some direct responsibility for the supervision of Current Opt-In.

3.   <u>Waiver and Release of Released Claims</u>.  Upon signing this Settlement Agreement, The Named Plaintiffs and Current Opt-In Plaintiffs are finally and forever barred from seeking relief on the Released Claims when the Court's Order is entered and payment is tendered to Plaintiffs' Counsel.

4.   <u>Settlement Opt-Ins' Releases</u>.  To participate in this Settlement, a Putative Opt-In must timely sign and return to the Third-Party Settlement Administrator a Consent-to-Join-and-Release Form on or before forty-five (45) days after the date of the Notice. A scanned copy sent by email or a facsimile copy

of the signed Consent-to-Join-and-Release Form and timely received by the Third-Party Administrator will be accepted as long as the original signed copy is later received.  By timely returning a signed Consent-to-Join-and-Release Form, a Settlement Opt-In consents to opt into this case as a party plaintiff under, 29 U.S.C. § 216(b), and further agrees to release Regions and the Released Parties for the Released Claims. To the extent that any Putative Opt-in fails to timely provide a signed Consent-to-Join-and-Release, Regions will not make any payments to that Putative Opt-in, and any amounts allocated to that Putative Opt-In will revert to Regions thirty (30) days after the conclusion of the 45-day notice period.

### D.   PARTIES' RIGHT TO RESCIND SETTLEMENT

If the Court fails to enter an Order approving the terms of this Settlement or if the Court's Order approving the Settlement is not affirmed on appeal, then at its option any Party may rescind this Agreement.  Regions may also rescind this Agreement if all Named Plaintiffs and Current Opt-In Plaintiffs do not participate in the Settlement.  If any Party rescinds, then:

(i)   all Parties' obligations under this Agreement will cease to have any force and effect;

(ii)   the Agreement will be vacated, rescinded, canceled, and annulled;

(iii)   the Parties will return to the status quo ante as if they had not entered into this Agreement without prejudice to any arguments they may make on the merits or decertification;

(iv)   the Settlement and all negotiations and proceedings related to the Settlement are without prejudice to the Parties' rights; and

(v)   all evidence of the Settlement, negotiations of the Settlement, and proceedings related to the Settlement will be inadmissible under Federal Rule of Evidence 408 and will not be discoverable.

Either Party may exercise its right to rescind the settlement within 30 days of any of the above events by filing a notice of rescission of the settlement with the Court and timely serving this notice on opposing Counsel.

## E.   SETTLEMENT ADMINISTRATION

1.   <u>Duty of Cooperation</u>.  The Parties agree to cooperate with one another and with the Third-Party Settlement Administrator in obtaining expeditious final approval and timely execution of this Settlement.

2.   <u>Motion for Settlement Approval and Proposed Order</u>.

(i)   The Parties will prepare and file a Joint Motion for Settlement Approval and a Proposed Order Granting Approval of the Settlement with the Court.

(ii)     As a further part of or in a motion separate from the Joint Motion for Approval but filed contemporaneously therewith, the Named Plaintiffs agree to the dismissal with prejudice of Defendant Regions Financial Corporation from this Action.

(iii)    The proposed Order granting approval of the Settlement is attached as Exhibit E, adjudging the terms and conditions of the Settlement to be fair, reasonable, and adequate; directing consummation of its terms and provisions; and dismissing the Action on the merits with prejudice, in accordance with the terms of this Agreement.

(iv)    In addition, this proposed Order will also: (1) dismiss Regions Financial Corporation, and (2) declare that any Named Plaintiffs, Current Opt-In Plaintiffs, and Settlement Opt-Ins who participate in the Settlement are bound by the releases either for the Named Plaintiffs and Current Opt-Ins, which are contained herein or, for the Settlement Opt-Ins, in the Consent-to-Join-and-Release Form attached as Exhibit B.

(v)     In the proposed Order, the Court will reserve jurisdiction over the construction, interpretation, implementation, and enforcement of the Parties' Settlement.

3.     Receipt by Putative Opt-Ins of the Notice and Consent-to-Join-and-Release Form.  Each Putative Opt-In will receive a Notice of Settlement and

Opportunity to Participate and a Consent-to-Join-and-Release Form by which

Putative Opt-Ins may elect to opt into this Action and participate in the Settlement

in accordance with its terms.  No Putative Opt-In may receive any Settlement

Payment unless the Opt-In timely signs and returns the Consent-to-Join-and-

Release Form to the Third-Party Settlement Administrator.  The Named Plaintiffs

and Current Opt-In Plaintiffs will not receive notice or a Consent-to-Join-and-

Release Form because Plaintiffs' Counsels' communications with them constitutes

sufficient notice of and right to participate in this Settlement.

> 4.  <u>Notice of Settlement and Opportunity to Participate and Consent-to-Join-and-Release Form</u>. The Third-Party Settlement Administrator will issue the Notice and Consent-to-Join-and-Release Form to each Putative Opt-In by first-class U.S. mail, postage prepaid, or by other means that the Parties agree upon, subject to approval of the Third-Party Administrator.

> 5.  <u>Diligence in Finding Settlement Opt-Ins and Delivery of the Notice and Consent-to-Join-and-Release Form</u>.

>> (i)  The Third-Party Administrator will receive from Regions the last known address, telephone number, and Social Security number of all Putative Opt-Ins on the first business day following the fifteenth calendar day after the Court enters an Order approving the Settlement.

(ii)    The Third-Party Administrator will make all reasonable efforts and take all appropriate steps, including using available standard devices such as Accurint, the National Change-of-Address database or their equivalent, to obtain current and forwarding addresses for mailing claims forms and individual settlement payments to the Putative Opt-Ins.

(iii)    The Third-Party Administrator will, within thirty (30) calendar days of the Court's entry of an Order approving the Settlement, issue the Notice and Consent-to-Join-and-Release Form to each Putative Opt-In and will provide any information received under Paragraph D.4.(ii) to Defendants' Counsel and Plaintiffs' Counsel for use in administering the Settlement or for tax reporting purposes; and

(iv)    Plaintiffs' Counsel and Defendants' Counsel will take all reasonable and appropriate steps to maximize the probability that all Settlement Opt-ins will receive the appropriate Release and participate in the Settlement. Plaintiffs' Counsel will exercise reasonable diligence, consistent with the rules of professional conduct that apply to attorneys in the Northern District of Georgia, to facilitate the submission of Releases from the Named Plaintiffs, Current Opt-In Plaintiffs, and Settlement Opt-Ins.

6.    <u>Inquiries or Communications from Named Plaintiffs, Current Opt-In Plaintiffs, Putative Opt-Ins, and Settlement Opt-Ins</u>.  The Parties' Counsel agree to

cooperate with one another and with the Third-Party Administrator to resolve any and all settlement inquiries or communications from Named Plaintiffs, Current Opt-In Plaintiffs, Putative Opt-ins, or Settlement Opt-Ins. All settlement inquiries or communications received by the Third-Party Administrator, including the name and contact information of the individual making such inquiry or communication, will be communicated by email to Plaintiffs' Counsel within three (3) business days.

7.     All signed Consent-to-Join-and-Release Forms must be received by the Third-Party Administrator by or before forty-five (45) days after the issuance of the Notice to the Putative Opt-Ins. All Notices will be dated the date they are mailed. The Third-Party Administrator will inform Plaintiffs' Counsel and Defendants' Counsel by email of the mailing of all Notices and Consent-to-Join-and-Release Forms on the date of such mailing.

8.     The Third-Party Administrator will provide scanned copies by email to Regions, Defendants' Counsel, and Plaintiffs' Counsel of all Consent-to-Join and Release Forms received from Settlement Opt-Ins within one week of the end of the 45-day notice period. The Third-Party Administrator will further provide Regions' counsel with an invoice reflecting the amount to be paid to the Settlement Opt-Ins and Regions' share of employment taxes.

9.     Plaintiffs' Counsel will promptly upon receipt, and in no event later than five (5) business days, file in the Action all Consent-to-Join and Release Forms received from the Third-Party Administrator within the forty-five (45) day notice period. Such Consents shall be filed as a collective exhibit to a "Notice of Filing of Consents of Settlement Opt-Ins" that lists the names of each Settlement Opt-In whose Consent is being filed.

10.     <u>Stop Payment</u>. After reasonable good-faith attempts to cause delivery, which includes the good-faith attempt to identify the recipient's current address, Regions or the Third-Party Administrator may stop payment on any checks that are uncashed or returned as undeliverable after six (6) months or as allowed by applicable law.

11.     <u>Altering Dates</u>.  Upon written agreement of the Parties or with Court approval or upon the Court's order the Parties may alter the above dates or time periods.

**F.     PUBLICATION OF SETTLEMENT**

This Agreement is not confidential.  Plaintiffs' Counsel, Named Plaintiffs, and Current Opt-Ins, however, agree not to make or cause to make any press release or take any steps to initiate any contact with or the media about the Settlement to the media.  Plaintiffs' Counsel may publish a written statement on

their website regarding the Settlement and respond to media inquiries regarding the Settlement.

### G.   NO ADMISSION AND WAIVER OF APPEALS

1.   <u>No Admission</u>.  Nothing in this Agreement or in any other document related to the Settlement will be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Regions.  Each of the Parties to this Agreement has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  The Parties further acknowledge and agree that this Agreement shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity covered by the Releases contained herein.  Further, neither this Agreement nor any part of the negotiations in connection with this Agreement nor any settlement papers filed with the Court shall constitute evidence with respect to any issue or dispute in this Action other than for purposes of enforcing this Agreement.

2.   <u>Waiver of Appeals</u>.  The Parties agree to waive all appeals and that all Settlement Opt-Ins agree to be bound by the Court's final judgment and to waive all appeals.

### H.    MISCELLANEOUS

1.    <u>Authority</u>.  The signatories represent that they are fully authorized to enter into this Agreement and bind the parties to these terms and conditions.

2.    <u>Entire Agreement</u>.  This Agreement, complete with all attached Exhibits, contains the entire agreement between the Parties relating to the Settlement and to this Agreement, and all prior or contemporaneous agreements, understandings, representations, or statements, whether oral or written and whether by a Party or a Party's counsel, are merged into and are superseded by this Agreement.

3.    <u>Mutual Full Cooperation</u>.  The Parties agree to fully cooperate with each other to accomplish the terms and conditions of this Agreement and the Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties will use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary or ordered by the Court, or otherwise, to effectuate this Agreement, the Settlement, and the terms set forth in it.  As soon as practicable after execution of this Agreement, Plaintiffs' Counsel will, with the assistance and cooperation of Regions and its counsel, take all necessary steps to secure the Court's approval of the Settlement.

4.    <u>Notices</u>.  Unless otherwise specifically provided in this Agreement, all notices, demands or other communications given will be in writing and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested, addressed as follows:

<u>To the Named Plaintiffs and Current Opt-ins</u>:

Marc Garber
Alan H. Garber
The Garber Law Firm, PC
4994 Lower Roswell Rd Ste. 14
Marietta, GA 30068-5648


<u>To the Defendant</u>:

A. Craig Cleland
Kristy G. Offitt
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia  30303

5.    <u>Construction</u>.  The terms and conditions of this Agreement are the result of lengthy, arms-length negotiations between the Parties, and this Agreement shall in all cases be construed as a whole according to its fair meaning and shall not construed in favor of or against any Party by reason of the extent to which any Party or the Party's Counsel participated in the drafting of this Agreement.

6.    <u>Construction of Captions and Interpretations</u>.  Section and Paragraph titles or other captions in this Agreement are inserted as a matter of convenience

and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it.  Each term of this Agreement is contractual and is not merely a recital, except for those defined in Section A.

7.    <u>No Modification and Waiver</u>.  This Agreement may not be changed, altered, or modified except in writing and except by performance by the Parties in accordance with its terms and conditions or by a writing signed by the Parties.  The waiver by one Party of any breach of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

8.    <u>Binding on Assigns</u>.  This Agreement and all obligations imposed by it will be binding upon and all benefits of the Agreement will inure to the benefit of, the Parties and their respective spouses, children, offspring, heirs, trustees, executors, administrators, successors, and assigns, and all parents, subsidiaries, and other affiliates and all those entities, officers, directors, employees, and shareholders.

9.    <u>Signatories</u>.  It is agreed that because the Putative Opt-Ins and Settlement Opt-Ins are so numerous, it is impossible or impractical to have each execute this Agreement.  The Release will advise each Putative Opt-In of the binding nature of the appropriate Release.

10.    <u>Signatures from all Parties Required</u>. This Agreement will not become effective until signed by each Party.

11.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, and when each has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all parties, subject to Court approval.  A scanned copy of a signature of a Party to this Agreement, including a signature originally received by any Parties' counsel by facsimile, shall be as acceptable as an original.

12.    <u>Governing Law</u>.  Except to the extent governed by federal law, this Agreement will be governed by the statutes and common law of Georgia, excluding any that mandate the use of another jurisdiction's laws.

Signed this 29th day of June , 2017.

On behalf of Regions

its Executive Vice President &
Deputy General Counsel

Jeffrey A Lee

Print Name

Signed this 29th day of June_____, 2017.

_____
Counsel for Regions

_____
Print Name

Signed this 29th day of June, 2017.

THE GARBER LAW FIRM, On Behalf of
All Plaintiffs' Counsel

By: Marc Garber

Signed this 28th day of June, 2017.

_Betty Wilson_
Betty Wilson

_Betty Wilson_
Print Name

Signed this _28th_ day of _June_, 2017.

_Linda Wick_
Linda Wick

_Linda Wick_
Print Name

Signed this 24 day of June, 2017.

_____
Susan Colbert

_____
Print Name

Signed this 29th day of June, 2017.

_____
Bonnie Gibson

_____
Print Name

Signed this 29th day of June , 2017.

_____
Lisa Nesmith

_____
Print Name

Signed this 29th day of June , 2017.

_Diana J. Naumann_
Diana Naumann

_DIANA J. NAUMANN_
Print Name

Signed this 29 day of June , 2017.

_Jennifer Kinser_____
Jennifer Kinser

_JENNIFER KINSER_____
Print Name

30322354.1

# Exhibit A

• *IMPORTANT LEGAL DOCUMENT* •

### NOTICE OF SETTLEMENT - & - OPPORTUNITY TO PARTICIPATE

*Betty Wilson, et al. - Plaintiffs*
*- vs. -*
***Regions Financial Corporation and Regions Bank - Defendants***
**Civil Action No. 2:14-cv-00105-RWS**
**(U.S. District Court - Northern District of Georgia)**

**Date:  [ --------- ]**

The parties in the above lawsuit have agreed to settle all claims for past unpaid bonus-overtime compensation and liquidated damages under the Fair Labor Standards Act (FLSA) of all persons employed as Mortgage Closers, Mortgage Processers, and Mortgage Underwriters at Regions' Mortgage Operations Centers from August 30, 2012 through April 1, 2016.  By agreeing to settle, Regions does not admit any liability or wrongdoing.

**YOU ARE ELIGIBLE TO PARTICIPATE IN THIS SETTLEMENT.  YOU HAVE NO RESPONSIBILITY FOR PAYING ANY ATTORNEY'S FEES OR COSTS TO THE PLAINTIFFS' LAWYERS**.

Under the settlement, Regions will pay you **$ xxx.xx** in exchange for releasing Regions from all claims for unpaid wages, as described below.  Your settlement will be paid in **two checks of equal amounts**:  One check represents "back wages," for which all applicable taxes will be withheld and you will receive an IRS W-2 form for 2017; and the second check represents "liquidated damages" (double damages) allowed by the FLSA, for which no taxes will be withheld and you will receive an IRS 1099 form for 2017.  **You should seek your own tax advice prior to acting in response to this Settlement Notice.**   As part of the settlement, Regions will pay the attorney's fees and costs of the plaintiffs' lawyers.

**CALCULATION OF PAYMENTS.**   Settlement payments were calculated using the FLSA's bonus-overtime formula based on monthly mortgage incentive payments received, overtime hours worked, and proof of FLSA compliance for the period of August 30, 2012 through April 1, 2016.

**SCOPE OF RELEASE.**   By submitting the enclosed Consent-to-Join-and-Release Form, you agree to release Regions Financial Corporation and Regions Bank, and all parents, subsidiaries, and other affiliates, and all their officers, employees, shareholders, and agents , from all claims for unpaid wages that you may have under the FLSA or any state wage-and-hour law accruing at any time prior to the date of this notice, known or unknown.  You will also be bound by the judgment approving the settlement and waive your right to appeal.

**HOW TO PARTICIPATE AND RECEIVE YOUR SETTLEMENT PAYMENT.**   Complete, sign, and return the enclosed Consent-to-Join-and-Release Form in the enclosed, postage paid, pre-addressed envelope.  Or fax it to **(xxx) xxx-xxx**.  Or email it to ***@***.com.  Your settlement checks will be mailed to you within approximately 60 days of the receipt of your signed Consent Form.  **Your Consent Form Must Be Received by [ Notice Date + 45 ]**

• *IMPORTANT LEGAL DOCUMENT* •

**WHAT IF YOU DO NOT WANT TO PARTICIPATE.**  If you do not wish to participate in the settlement, you do not need to do anything.  You will not be part of the settlement in any way and will not be bound by the judgment.  Your decision will not affect your right to hire a lawyer to file you own lawsuit.  Claims under the FLSA must be filed within two (2) years of the date the claim accrues, unless the employer acted "willfully" in which case you have three (3) years.

**YOU MUST ACT WITHIN 45 DAYS.**  If you do not return the enclosed Consent-to-Join-and-Release form within forty-five (45) days, any claims you may have for previously unpaid bonus-overtime compensation or liquidated damages may be forever extinguished unless filed in a lawsuit within whatever time may remain in the applicable statute of limitations.

**EXAMINATION OF FILINGS AND QUESTIONS.**  This Notice and the enclosed Consent-to-Join-and-Release Form describe the terms of the settlement that apply to you.  For a more detailed statement of the issues involved in this lawsuit, you may refer to the pleadings and other papers filed with the court, or they may be inspected at the office of the Plaintiffs' Counsel (set forth below) during regular business hours of each business day.

**Direct all questions to Plaintiffs' Counsel:**

**The Garber Law Firm, P.C.**
**4994 Lower Roswell Road, Suite 14, Marietta, GA 30068**
**(678) 560-6687 • RegionsCase@garberlaw.net**

30330992.1

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| BETTY WILSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 2:14-CV-0105-RWS |
| REGIONS FINANCIAL CORP., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### CONSENT TO JOIN AND RELEASE

I, _____, hereby agree to participate in the settlement of the
　　　　　[ print your name ]

above-listed lawsuit and to be paid the amount of **$_____**.  To receive this payment, I agree

to join this case as a party plaintiff under 29 U.S.C. § 216(b) of the Fair Labor Standards Act

("FLSA").  I agree that in exchange for the amount of **$_____**, I voluntarily and forever release

Regions Financial Corporation and Regions Bank, and all parents, subsidiaries, and other affiliates,

and all their officers, employees, shareholders, and agents, from liability for any claims for unpaid

wages that I may have under the Fair Labor Standards Act or any state wage-and-hour law accruing

at any time prior to [DATE of NOTICE], known or unknown, except that this release does not

include Equal Pay Act claims under 29 U.S.C.§ 206(d) or retaliation claims under 29 U.S.C.

§215(a)(3).  I have not assigned, transferred, or encumbered any claims or rights that I now

release, directly or indirectly or in any part or purported to do so.  I agree that I am bound by the

judgment in this action, and I waive my right to appeal.

_____
**Signature**

_____
**Name [print]**

_____
**e-mail address**

**Date:** _____

# Exhibit C

### SETLEMENT AMOUNTS
### <u>NAMED PLAINTIFFS - FOUR OPT-INS</u>

| <u>Name</u> | <u>Back Pay</u> | <u>Liq Dmg</u> | Service <u>Award</u> | <u>Total</u> |
|---|---|---|---|---|
| Susan Colbert | REDACTED | REDACTED | REDACTED | REDACTED |
| Bonnie Gibson | REDACTED | REDACTED | - - - - | REDACTED |
| Jennifer Kinser | REDACTED | REDACTED | - - - - | REDACTED |
| Diana Naumann | REDACTED | REDACTED | - - - - | REDACTED |
| Lisa Nesmith | REDACTED | REDACTED | - - - - | REDACTED |
| Linda Wick | REDACTED | REDACTED | REDACTED | REDACTED |
| Betty Wilson | REDACTED | REDACTED | REDACTED | REDACTED |
| *Total* | REDACTED | REDACTED | REDACTED | REDACTED |

30331913.1

Exhibit
D

| Last 4 | Name | | Amount |
|--------|------|---|--------|
| | Aaron, Billie Ruth | | |
| | Abernathy, Kimberly | | |
| | Abernathy, Sydney | | |
| | Abreau, Ana | | |
| | Alexander, Normica | | |
| | Alfonso, Xiomara | | |
| | Alldridge, Megan | | |
| | Alonso, Alexis | | |
| | Anderson, Laura | | |
| | Anderson, Lisa | | |
| | Anthony, Calandra G. | | |
| | Arold, Kimberly Anne | | |
| | Arrington, Jewell | | |
| | Ayers, Selena Montles | | |
| | Barker, Carrie | | |
| | Bass, Rebecca | | |
| | Bates, Sherrie | | |
| | Baum, Halle L | | |
| | Belcher, Trinity | | |
| | Bell, Sheila | | |
| | Bellamy, Kathryn Lee | | |
| | Belor, Tonya J. | | |
| | Bessire, Michael | | |
| | Birl-Johnson, Dorothy | | |
| | Blackburn, Carla | | |
| | Blackburn, Sherry Ann | | |
| | Blackmon, Linda | | |
| | Blevins, Sharon, | | |
| | Bly, Jacqueline | | |
| | Boggan, Rebekah T. | | |
| | Bowman, Aquetta | | |
| | Boyd, Jessica | | |
| | Brading, Sheryl Ann | | |
| | Braxton-Hunt, Leilani | | |
| | Brooks, Kristle | | |
| | Bruce, Dorinda | | |
| | Burchfield, Carleen | | |
| | Burks, Janet K. | | |
| | Burnett, Donna D | | |
| | Burson, Kimberly | | |
| | Burt, Debra | | |
| | Busby, Carolyn Sue | | |
| | Byram, Joseph Anthony | | |

| Last 4 | Name | | Amount |
|--------|------|--|--------|
| | Caire, Claire Marie | | |
| | Cameron, Erica L. | | |
| | Campos, Rosa Isela | | |
| | Caron, Stephen L. | | |
| | Carroll, Ashley | | |
| | Carroll, Pamela Smith | | |
| | Chaidez, Edlin | | |
| | Chambers, Amy Grace | | |
| | Chapman, Renae | | |
| | Chappell, Amy | | |
| | Chenevert, Renee M. | | |
| | Cipriani, Vickie L. | | |
| | Cizek, Alison M. | | |
| | Clark, Naomi | | |
| | Cobb, Clare W | | |
| | Cochran, Rebecca | | |
| | Coleman, Tracy D. | | |
| | Collins, Bobbi | | |
| | Collins, Jason | | |
| | Collins, Morgan | | |
| | Conley, Joshua Shane | | |
| | Connell, Brandon | | |
| | Connell, Lejeana Lynn | | |
| | Conway, William | | |
| | Coulter, Keshia | | |
| | Culpepper, Kathy | | |
| | Dalberg, Melissa | | |
| | Dallape, Susan | | |
| | Daniels, Michelle Dee | | |
| | Davis, Shellie A. | | |
| | Davison, Brandon A. | | |
| | De La Torre, Rosa Maria | | |
| | Dellenbach, Suzanne | | |
| | Dennard, Irma | | |
| | Dennard, Deshawn | | |
| | Dewhirst, Jennifer | | |
| | Dick-Griffith, Joseph | | |
| | Dixon, Sally Jester | | |
| | Dixon, Willis | | |
| | Domit, George | | |
| | Dover, Susan Lewis | | |
| | Dowdy, Linda Sams | | |
| | Dowling, Charlotte A. | | |

| Last 4 | Name | | Amount |
|--------|------|---|--------|
| | Drane, Tinisha | | |
| | Drouin, Jennifer | | |
| | Dunaway, Matthew Ryan | | |
| | Dunning, Sophia L. | | |
| | Durden, Linda M | | |
| | Eaves, Kathy H | | |
| | Ellis, Kenyada | | |
| | Ernst, David M. | | |
| | Ethridge, Sherri | | |
| | Evans, Courtney | | |
| | Eyler, Jennifer Marie | | |
| | Fairchild, Cynthia M. | | |
| | Finch, Jennifer Marie | | |
| | Fitchorn, Jakelyn | | |
| | Fooshee, Patricia | | |
| | Foulks-May, Barbara | | |
| | Fox, Sheila Faye | | |
| | Fulcher, Thomas W. | | |
| | Gallagher, Victoria W. | | |
| | Garland, Amy | | |
| | Garrett, Claudia | | |
| | Garrett, Syble Coleman | | |
| | Germana, Anthony K. | | |
| | Gilzine, Bonita C. | | |
| | Goodman, Kelley | | |
| | Graf, Brian E. | | |
| | Green, Otisha | | |
| | Greer, Karen B. | | |
| | Greeson, Rose | | |
| | Gutierrez, Giselle | | |
| | Gwin, Gwendolyn | | |
| | Hagedorn, Tracy | | |
| | Hall, Michelle | | |
| | Hamblin, Cynthia | | |
| | Hancock, Leslie | | |
| | Hanif, Yousuf | | |
| | Haqq, Adriana | | |
| | Hardyman, Amy | | |
| | Harper, James Jerome | | |
| | Harrington, April | | |
| | Hartwell III, Arthur J. | | |
| | Harvey, Donna J | | |
| | Hayes, Lyndi Rose | | |

| Last 4 | Name | | Amount |
|---|---|---|---|
| | Hill, Kenneth Michael | | |
| | Hill, Cynthia P. | | |
| | Hill, Katherine J. | | |
| | Hodge, Paul | | |
| | Hodges, Judith | | |
| | Holder, Kimbrerli L. | | |
| | Hope, Glenda | | |
| | Huddleston, Debonie | | |
| | Hughes, Kimberly F. | | |
| | Hunt, Charita R. | | |
| | Israel, John C | | |
| | Jackson, Angele L. | | |
| | Jackson, Kimberly Lynn | | |
| | Jackson, Necole C. | | |
| | Jackson, Rhonda Ann | | |
| | Jackson, Timothy M. | | |
| | Janes, Jennifer | | |
| | Jeffers, Stephanie | | |
| | Jessup, Amanda | | |
| | Johnson, Laurie A. | | |
| | Johnson, Angela Yvette | | |
| | Johnson, Jamesena Liggett | | |
| | Johnson, Leslie Alana | | |
| | Jones, April Lynn | | |
| | Jones, Becky | | |
| | Jones, Deella | | |
| | Jones, Georgiann | | |
| | Jordan Goodloe, Elizabeth | | |
| | Kelly Ross, Laura | | |
| | Kennedy, Allana | | |
| | King, Michael W. | | |
| | Kirkland, Paula McDaniel | | |
| | Kirkland, Ryan | | |
| | Kisner, Angie | | |
| | Kleinschmidt, Gina | | |
| | Klevay, Erica Marie | | |
| | Knight, Sharon | | |
| | Koch, Rebecca | | |
| | Krieger, Julie Guyse | | |
| | Kudjoe, Melissa A. | | |
| | Lagoo, Melissa D. | | |
| | Lampton, Amanda J. | | |
| | Landsberger, Raniece | | |

| Last 4 | Name | | Amount |
|---|---|---|---|
| | Lawless, Deborah | | |
| | Lawrence, Kristi | | |
| | Lawson, Ruth C. | | |
| | Learn, Michelle | | |
| | Lee, Karen | | |
| | Lee, Lisa A. | | |
| | Lewis, Adrianne | | |
| | Limon, Leticia | | |
| | Lolley, Melissa Sue | | |
| | Love, Gloria J. | | |
| | Lucas, LaJoyce R | | |
| | Lucas, Nancy | | |
| | Ly, Charmaine McCoy | | |
| | Lyon-Dian, Melinda L. | | |
| | Macias, Laurie | | |
| | Maddix, Anita Camille | | |
| | Magee, James | | |
| | Magness, Melissa | | |
| | Maldonado, Lindsay | | |
| | Margita, Teresa | | |
| | Marrujo, Victoria Lynn | | |
| | Marsh, Demetrice | | |
| | Marshall-Coleman, Shalaunda | | |
| | Matarrese, Angelica | | |
| | Mathnia, Paula | | |
| | Mattox, Mary Virginia | | |
| | Mayberry, Raphael | | |
| | McBroom, Pansy | | |
| | McDaniel, Jennifer A. | | |
| | McDermott, Rhiannon | | |
| | McDonald, Brandi Dawn | | |
| | Mcelduff, Erika Nicole | | |
| | McGuiffert, April | | |
| | McGinnis, Tristan | | |
| | McGuire, Angela | | |
| | McKenna, Cara Lynn | | |
| | McNamee, Bard P. | | |
| | Meals, Karla | | |
| | Messer, Lourdes C. | | |
| | Meyer, Kimberly, | | |
| | Miller, Brittany Nicole | | |
| | Mims, Stacey Lynn | | |
| | Mion, Denise L. | | |

| Last 4 | Name | | Amount |
|--------|------|---|--------|
| | Miramontes, Martha | | |
| | Molaison, Myrlen | | |
| | Morris, Amy | | |
| | Morrow, Berlin Earl | | |
| | Mucciante, Heather | | |
| | Mumpower, Jennifer | | |
| | Murray, Linda Diane | | |
| | Nash, Lisa Young | | |
| | Nichols, Christopher | | |
| | Nickerson, Amber | | |
| | Nunez, Coralia | | |
| | Ott, Judith Ann | | |
| | Parisien, Beth A. | | |
| | Parkes, Trevor Thomas | | |
| | Parrish, Sharon | | |
| | Patterson, Tracie | | |
| | Patton, Julianne | | |
| | Patton, Sandra Lynn | | |
| | Peay, Sonja Rene | | |
| | Pegusky, Rebekah A. | | |
| | Penn, Joyce E. | | |
| | Perez, Jacome | | |
| | Perkinson, Amanda | | |
| | Pesecky, Ashlie K. | | |
| | Phelps, Catherine | | |
| | Pierce, Pamela | | |
| | Pittman, Rebecca | | |
| | Plunkett, Cortney | | |
| | Pounds, Kathy | | |
| | Pyron, Heidi Marie | | |
| | Quinn, Martha Cecilia | | |
| | Randall, Susan | | |
| | Ray, Johnnita Elaine | | |
| | Reed, Pamela Dinitra | | |
| | Reese, Sheron A. | | |
| | Rice, Rebecca | | |
| | Rifenberg, Roxann | | |
| | Rigsby, Erin | | |
| | Robinson, Alicia R | | |
| | Robinson, Ann D. | | |
| | Robinson, Jennifer Nicole | | |
| | Rodriguez, Olga Maria | | |
| | Rompilla, Diane Elaine | | |

| Last 4 | Name | | Amount |
|---|---|---|---|
| | Rouse, Ginger Denise | | |
| | Rouse, Lisa | | |
| | Rueff, Erin Walker | | |
| | Ruka, Safiana | | |
| | Scheer, Jennifer | | |
| | Seal, Rachael D. | | |
| | Shaul, Ronda Kay | | |
| | Shelton, Karen | | |
| | Sides, Amy | | |
| | Simmons, Earnest | | |
| | Sledge, Melody Divine | | |
| | Smith, Heidi Renee | | |
| | Smith, Joanne | | |
| | Smith, Rachel Ann | | |
| | Smith, Sherry E. | | |
| | Smitherman, April | | |
| | Sosa-Vinas, Mayumi | | |
| | Sosebee, Jeannie Smith | | |
| | Stanley, Constance | | |
| | Staton, Tanya Marie | | |
| | Stipp, Jennifer R. | | |
| | Stuart, Tracie Ann-M. | | |
| | Sullivan, Brandon O. | | |
| | Summerall, Sylvia Jean | | |
| | Summers, Leisa | | |
| | Tate, Brenda C. | | |
| | Tatum, Sheloanda C. | | |
| | Taylor, Karin | | |
| | Thomas, Allen D. | | |
| | Thomas, Renita | | |
| | Tigler, Alecia | | |
| | Tillman-Stewart, Evangeline | | |
| | Toporovicz, Lisa | | |
| | Totimeh, Richard Tsiani | | |
| | Tullis, Kelly | | |
| | Tyner, Vanessa C. | | |
| | Tyus, Mangelo L. | | |
| | Valdes, Leynna Freya | | |
| | Valdivia, Maria T. | | |
| | Vargas, Yader M. | | |
| | Vaughn, David Austin | | |
| | Vaughn, Jon | | |
| | Vera, Freddy | | |

| Last 4 | Name | | Amount |
|---|---|---|---|
| | Vice, Shannon L | | |
| | Vowell-Rogers, Angela | | |
| | Waite, Curtis | | |
| | Walker, Stephanie M. | | |
| | Walley, Justin T. | | |
| | Wallsmith, Sabrina Leigh | | |
| | Ware, Krista Janeice | | |
| | Washington, Joyce Ann | | |
| | Watson, Beverly Laney | | |
| | Welcher, Valerie C. | | |
| | Welling-Johnson, Brenda | | |
| | Wheatley, Karen | | |
| | Wheeler, Tyshena Lanee | | |
| | White, Helen | | |
| | Wilder, Jimmy R | | |
| | Williams, Christi Marie | | |
| | Williams, Sherry L. | | |
| | Williams, Sherry Renee | | |
| | Williams, Stacey Z. | | |
| | Williams, Stephanie Yvette | | |
| | Williams, Yvette Sarah | | |
| | Williams Rice, Kimerbly Kay | | |
| | Woods, Deanna Patrice | | |
| | Woods, Susan K. | | |
| | Worthy, Stephanie | | |
| | Wright, Donna Kay | | |
| | Yackoski, Samantha | | |
| | Young, Miriam Athey | | |

# Exhibit E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINSVILLE DIVISION**

| | | |
|---|---|---|
| BETTY WILSON, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:14-CV-105-RWS |
| REGIONS FINANCIAL | ) | |
| CORPORATION, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER APPROVING FLSA SETTLEMENT**</u>

This case comes before the Court on the Parties' Joint Motion to Approve
their Settlement and Motion for Award Attorney's Fees and Costs to Plaintiffs'
Counsel. [Doc. ___.] After reviewing the record, the Court enters the following
Order.

Pursuant to their Settlement Agreement, the Parties have reached the
following global settlement of this FLSA collective action. [Doc. ___.] Regions
Bank will pay the three Named Plaintiffs and four Current Opt-Ins a total of
$82,000 equally divided into past-due overtime wages and liquidated damages. An
additional $6,000 in service awards will be paid to the Named Plaintiffs. *Id*.
Regions Bank will pay a total of up to $75,000 to those putative Bonus Class opt-
ins who timely return a Consent-to-Join-and-Release Form to the Parties'
designated Third Party Administrator ("TPA") in the amounts listed in sealed

Exhibits C and D to the Settlement Agreement ("Settlement Opt-Ins").  *Id*.  And Regions Bank has agreed to pay $457,634 to Plaintiffs' counsel as attorney's fees and costs for their representation of the Named Plaintiffs, Current Opt-Ins, putative opt-ins, and Settlement Opt-Ins through dismissal.  *Id*.  Defendant Regions Financial Corporation will be dismissed with prejudice pursuant to a separate joint motion and order.

The Court has reviewed the Settlement Agreement and the record in this case to determine the Settlement's adequacy and consistency with the requirements of the FLSA.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).  Based on that review, the Court finds that the Settlement Agreement (a) is a fair, reasonable, and adequate resolution of the bona fide FLSA dispute as to the Named Plaintiffs, the Current Opt-Ins, and the Settlement Opt-Ins, (b) was reached in an adversarial context in which the Parties had more than adequate legal representation, and (c) furthers the FLSA's implementation.  *Id*.

For the foregoing reasons, the Settlement Agreement is **APPROVED**.  The Parties' Joint Motion to Approve their Settlement and Motion for Award Attorney's Fees and Costs to Plaintiffs' Counsel are **GRANTED**.

It is hereby **ORDERED**:

1.    The definitions in the Settlement Agreement are incorporated by reference in this Order so that the use of any such defined term in this Order shall have the same meaning as in the Settlement Agreement.

2.    The individual Settlement Payments to the Named Plaintiffs, the Current Opt-Ins, the Putative Opt-Ins, and the Settlement Opt-Ins, in the amounts listed in sealed Exhibits C and D annexed to the Settlement Agreement, are approved as being fair, reasonable, and adequate.

3.    The individual Releases in the Settlement Agreement and the Consent-to-Join-and-Release Forms are approved as being fair, reasonable, and adequate.

4.    An award of attorney's fees and costs to Plaintiffs' Counsel in the amount of $457,634 is approved as being fair, reasonable, and adequate.

5.    The payment of all individual Settlement Payments to the Named Plaintiffs, Current Opt-Ins, and Settlement Opt-Ins shall be made as provided in the Settlement Agreement.

6.    The payment of the award of attorney's fees and costs to Plaintiffs' Counsel shall be made as provided in the Settlement Agreement.

7.    All Named Plaintiffs and Current Opt-Ins are bound by their respective Releases in the Settlement Agreement.

8.      All Settlement Opt-Ins who negotiate any check received as a Settlement Payment from Regions Bank or the TPA are bound by the Release in their signed Consent-to-Join-and-Release Form.

9.      The Settlement Agreement shall be implemented according to its terms.

10.     All claims of the Named Plaintiffs are **DISMISSED WITH PREJUDICE** with each party to bear their own costs and attorney's fees, except as otherwise agreed in writing or provided in this Order.

11.     The Court retains jurisdiction over the construction, interpretation, implementation, administration, and enforcement of the Settlement Agreement and the Releases, over the distribution of the individual Settlement Payments and the award of attorneys' fees and costs to Plaintiffs' Counsel, and over the Parties' compliance with this Order.

**SO ORDERED** this _____ day of _____, 2017.

 

 

_____
**RICHARD W. STORY**
United States District Judge

*AGREED TO*:

*/s/ Marc Garber*
MARC N. GARBER
Georgia Bar No. 283847

mngarber@garberlaw.net
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068
Tel:  (678) 560-6685
Fax: (678) 560-5067

Jack Rosenberg
Georgia Bar No. 614475
jackrosenberg2@gmail.com
5424 Glenridge Dr. Ste 53
Atlanta, GA 30342
404-343-1091 (phone)
404-343-1497 (facsimile)

***Counsel for Plaintiffs and the Party Plaintiffs***


***/s/ Kristy G. Offitt***
MARGARET H. CAMPBELL
Ga. Bar No. 105978
margaret.campbell@ogletreedeakins.com
A. CRAIG CLELAND
Ga. Bar No. 129825
craig.cleland@ogletreedeakins.com
KRISTY G. OFFITT
Georgia Bar No. 707231
kristy.offitt@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia  30303
Telephone: (404) 881.1300
Fax: (404) 870.1732

***Counsel for Defendants Regions***
***Financial Corporation and Regions Bank***