UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINSVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUL 11 2017

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

BETTY WILSON, *et al.*,       )
                             )
            Plaintiffs,       )
                             )
v.                           )      CIVIL ACTION NO.
                             )      2:14-CV-105-RWS
REGIONS FINANCIAL            )
CORPORATION, *et al.*,        )
                             )
            Defendants.       )

## ORDER APPROVING FLSA SETTLEMENT

This case comes before the Court on the Parties' Joint Motion to Approve

their Settlement and Motion for Award Attorney's Fees and Costs to Plaintiffs'

Counsel. [Doc. 167.]  After reviewing the record, the Court enters the following

Order.

Pursuant to their Settlement Agreement, the Parties have reached the

following global settlement of this FLSA collective action.  [Doc. 167-1.]  Regions

Bank will pay the three Named Plaintiffs and four Current Opt-Ins a total of

$82,000 equally divided into past-due overtime wages and liquidated damages.  An

additional $6,000 in service awards will be paid to the Named Plaintiffs.  *Id.*

Regions Bank will pay a total of up to $75,000 to those putative Bonus Class opt-

ins who timely return a Consent-to-Join-and-Release Form to the Parties'

designated Third Party Administrator ("TPA") in the amounts listed in sealed

- 1 -

Exhibits C and D to the Settlement Agreement ("Settlement Opt-Ins"). *Id.* And Regions Bank has agreed to pay $457,634 to Plaintiffs' counsel as attorney's fees and costs for their representation of the Named Plaintiffs, Current Opt-Ins, putative opt-ins, and Settlement Opt-Ins through dismissal. *Id.* Defendant Regions Financial Corporation will be dismissed with prejudice pursuant to a separate joint motion and order.

The Court has reviewed the Settlement Agreement and the record in this case to determine the Settlement's adequacy and consistency with the requirements of the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). Based on that review, the Court finds that the Settlement Agreement (a) is a fair, reasonable, and adequate resolution of the bona fide FLSA dispute as to the Named Plaintiffs, the Current Opt-Ins, and the Settlement Opt-Ins, (b) was reached in an adversarial context in which the Parties had more than adequate legal representation, and (c) furthers the FLSA's implementation. *Id.*

For the foregoing reasons, the Settlement Agreement is **APPROVED**. The Parties' Joint Motion to Approve their Settlement and Motion for Award Attorney's Fees and Costs to Plaintiffs' Counsel are **GRANTED**.

It is hereby **ORDERED**:

1.      The definitions in the Settlement Agreement are incorporated by reference in this Order so that the use of any such defined term in this Order shall have the same meaning as in the Settlement Agreement.

2.      The individual Settlement Payments to the Named Plaintiffs, the Current Opt-Ins, the Putative Opt-Ins, and the Settlement Opt-Ins, in the amounts listed in sealed Exhibits C and D annexed to the Settlement Agreement, are approved as being fair, reasonable, and adequate.

3.      The individual Releases in the Settlement Agreement and the Consent-to-Join-and-Release Forms are approved as being fair, reasonable, and adequate.

4.      An award of attorney's fees and costs to Plaintiffs' Counsel in the amount of $457,634 is approved as being fair, reasonable, and adequate.

5.      The payment of all individual Settlement Payments to the Named Plaintiffs, Current Opt-Ins, and Settlement Opt-Ins shall be made as provided in the Settlement Agreement.

6.      The payment of the award of attorney's fees and costs to Plaintiffs' Counsel shall be made as provided in the Settlement Agreement.

7.      All Named Plaintiffs and Current Opt-Ins are bound by their respective Releases in the Settlement Agreement.

8.     All Settlement Opt-Ins who negotiate any check received as a Settlement Payment from Regions Bank or the TPA are bound by the Release in their signed Consent-to-Join-and-Release Form.

9.     The Settlement Agreement shall be implemented according to its terms.

10.     All claims of the Named Plaintiffs are **DISMISSED WITH PREJUDICE** with each party to bear their own costs and attorney's fees, except as otherwise agreed in writing or provided in this Order.

11.     The Court retains jurisdiction over the construction, interpretation, implementation, administration, and enforcement of the Settlement Agreement and the Releases, over the distribution of the individual Settlement Payments and the award of attorneys' fees and costs to Plaintiffs' Counsel, and over the Parties' compliance with this Order.

**SO ORDERED** this _11th_ day of _July_____, 2017.

RICHARD W. STORY
United States District Judge

*AGREED TO*:

*/s/ Marc Garber*_____
MARC N. GARBER
Georgia Bar No. 283847

- 4 -

mngarber@garberlaw.net
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068
Tel:  (678) 560-6685
Fax: (678) 560-5067

Jack Rosenberg
Georgia Bar No. 614475
jackrosenberg2@gmail.com
5424 Glenridge Dr. Ste 53
Atlanta, GA 30342
404-343-1091 (phone)
404-343-1497 (facsimile)

***Counsel for Plaintiffs and the Party Plaintiffs***

***/s/ Kristy G. Offitt***
MARGARET H. CAMPBELL
Ga. Bar No. 105978
margaret.campbell@ogletreedeakins.com
A. CRAIG CLELAND
Ga. Bar No. 129825
craig.cleland@ogletreedeakins.com
KRISTY G. OFFITT
Georgia Bar No. 707231
kristy.offitt@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia  30303
Telephone: (404) 881.1300
Fax: (404) 870.1732

***Counsel for Defendants Regions***
***Financial Corporation and Regions Bank***